FILED
April 18, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003429938

Kirk Brennan, esq.
Attorney for Debtors
21250 Hawthorne Blvd.
Suite 500
Torrance, CA 90503
T.310-922-9330; F.310-375-6141
calilawoffice@gmail.com
SBN: 265730

Attorney for Debtors Jamie Thomas and James Thomas

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re: | ) Case No.: 2011-10912 |
|---|---|
| JAMIE THOMAS and JAMES THOMAS, Debtors. | ) DCN: KB-5<br>) Chapter 11<br>) DATE: May 25, 2011<br>) TIME: 2 P.M.<br>) PLACE: 1st floor, 1300 18th St., Bakersfield, CA<br>) Judge: Whitney Rimel |

**MOTION TO VALUE COLLATERAL (28710 Gleneagle Court, Tehachapi, CA 93561)**

Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561)

1

**I.    Introduction**

1.    On January 26, 2011, Debtors filed their voluntary petition for relief under the United States Bankruptcy Code. (11 U.S.C. §101, et seq.).  The case was filed under Chapter 11 of that title.  No trustee has been appointed and the Debtors continue in possession of their property and are operating and managing that property as the Debtors in Possession.  Among the assets owned by Debtors is real property located at 28710 Gleneagle Court, Tehachapi, CA 93561 ("Property").  The Property is legally described as:

> Lot 92 in Block N of Tract No. 3445, in the Unincorporated Area of the County of Kern, State of California, as per Map recorded April 23, 1971, in Book 20, Pages 166 to 200, inclusive, and in Book 21, Pages 1 to 61, inclusive, of Maps in the Office of the County Recorder of said county. A.P.N. # 317-520-52-00

2.    The Property is subject to the following encumbrances of record as of the Petition Date:

a. 1st deed of trust:

America's Wholesale Lender

Kern County Doc #0205201679

Date recorded: 7/29/2005

Amount of claim secured by lien: $403,331

b. 2nd deed of trust:

Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561)

1    JP Morgan Chase Bank, N.A.

2    Kern County Doc #0206256608

3    Date recorded: 10/16/2006

4    Amount of claim secured by lien: $250,209.23

Copies of the deeds of trust are attached to Exhibits A through J in Support of Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561), as Exhibits A and B.

   3.   Debtors request determination by the Bankruptcy Court that:

a. The value of the Property is $390,000.

b. The amount of the claim held by JP Morgan Chase Bank, N.A., secured by the second deed of trust is $0.00 for purposes of the Chapter 11 case; and

c. The claim secured by the second deed of trust against the Property is a general unsecured claim for the purposes of Debtors' Chapter 11 Plan.

   4.   Debtors believe that the value of the Property is $390,000. Debtors belief is based on the opinion of Jeremy C. Jans, of Jeremy C. Jans, Inc. Appraisal Firm, as a real estate appraiser, and his analysis of comparable sales in the area. The Appraisal of Jeremy C. Jans of the Property is attached to Exhibits A through J in Support of Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561) as Exhibit C.

Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561)

3

**II. Authorities**

5.  11 U.S.C. 506(a) provides, in pertinent part, that a creditors' secured claim is limited to the value of its collateral.

> (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. §506(a)(1). Bankruptcy Rule 3012 provides:

> The Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the Court may direct.

This means that the Court can determine the Residence's value by motion and that Debtors do not have to file an adversary proceeding under Bankruptcy Rule 7001. *See In re Shook*, 278 B.R. 815, 823 (B.A.P. 9th Cir. 2002).

6.  The claim secured by the second deed of trust against the Property is unsecured if the Bankruptcy Court determines that the value of the Residence is $390,000. This is true because the America's Wholesale Lender claim secured by the

Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561)

4

first deed of trust exceeds the value of the Property and there is no equity to which the second deed of trust can attach.  *See U.S. v. Ron Pair Enterprises*, 489 US 235, 239-40 (1989).

7.   11 U.S.C. Section 1123(b)(5) does not impede the Court from (i) determining the value of the Property under 11 U.S.C. 506(a) or (ii) treating the claim secured by the second deed of trust in excess of the Property's value as a general unsecured claim under the Chapter 11 Plan.  *c.f. In re Lam*, 211 B.R. 36 (B.A.P. 9th Cir. 1997) (Interpreting same language found in 1322(b)(2)); *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002) (It is appropriate to use Chapter 13 cases law to interpret analogous Chapter 11 provisions).

8.   Jeremy C. Jans is competent to testify as to the value of the Property.  As a real estate appraiser, Jeremy C. Jans is competent to testify under Federal Rules of Evidence, Rules 702-705.

### III.   Conclusion and Prayer

WHEREFORE, Debtors pray that:

1. The Bankruptcy Court grant the Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561);
2. The Court determine that the value of the Property located at 28710 Gleneagle Court, Tehachapi, CA 93561 is $390,000.
3. The Court determine that the amount of the claim held by JP Morgan Chase Bank, N.A., secured by the second deed of trust is $0.00 for purposes of the Chapter 11 Plan;

Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561)

4. The Court determine that the claim secured by the second deed of trust against the Property is a general unsecured claim for the purposes of the Chapter 11 Plan; and

5. Debtors be granted such other and further relief as the Court may deem to be just and proper.

Dated:  April 18, 2011

<u>/s/ Kirk Brennan</u><br>
Kirk Brennan, Attorney for Debtors in Possession

Motion to Value Collateral (28710 Gleneagle Court, Tehachapi, CA 93561)